IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

MARYLAND ELECTRICAL INDUSTRY
HEALTH FUND, by its Trustee,                        *
William Yull
9411 Philadelphia Road, Suite S                     *
Baltimore, Maryland 21237
                                                    *

and                                                 *

MARYLAND ELECTRICAL INDUSTRY                        *
PENSION FUND, by its Trustee,
William Yull                                        *
9411 Philadelphia Road, Suite S                     *
Baltimore, Maryland 21237
                                                    *

and                                                 *

MARYLAND ELECTRICAL INDUSTRY                        Civil Action No.
SEVERANCE AND ANNUITY FUND,                         *
By its Trustee, William Yull
9411 Philadelphia Road, Suite S                     *
Baltimore, Maryland 21237
                                                    *

and                                                 *

MARYLAND ELECTRICAL INDUSTRY                        *
JOINT APPRENTICESHIP AND                            *
TRAINING COMMITTEE,
By its Trustee, Neil Wilford                        *
2701 West Patapsco Street
Baltimore, Maryland 21230                           *

and                                                 *

NATIONAL LABOR MANAGEMENT                           *
COOPERATION COMMITTEE, by its
Local Agent for Collection,                         *
William Yull
802 Cromwell Park Drive, Suite S                    *
Glen Burnie, Maryland 21061
                                                    *

and                                                 *

MARYLAND ELECTRICAL INDUSTRY
LABOR MANAGEMENT COOPERATION           *
COMMITTEE, by its Agent for Collection,
William Yull                           *
802 Cromwell Park Drive, Suite S
Glen Burnie, Maryland 21061            *

and                                    *

MARYLAND CHAPTER,                      *
NATIONAL ELECTRICAL
CONTRACTORS ASSOCIATION, INC.,         *
802 Cromwell Park Drive, Suite S
Glen Burnie, Maryland 21061            *

and                                    *

LOCAL UNION NO. 307,                   *
INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS, AFL-CIO,           *
401 Decatur Street
Cumberland, MD  21502                  *

          Plaintiffs,            *

v.                                     *

GRADCON, INC.                          *
176 Turkey Neck Road
Swanton, Maryland 21561                *

Serve:  Michael S. Grady, Resident Agent  *
       176 Turkey Neck Road
       Swanton, Maryland 21561             *

          Defendant.             *
*     *     *     *     *     *     *     *     *     *     *     *     *

## COMPLAINT

## Jurisdiction

1.     The jurisdiction of this Court is based upon section 502(e) of the Employee

Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(e) as to

Counts 1-5.

2.      The jurisdiction of this Court is based upon section 301(a) of the Labor

Management Relations Act, as amended ("LMRA"), 29 U.S.C. § 185(a) as to Counts 6-9.

**Parties**

3.      Plaintiff Maryland Electrical Industry Health Fund ("Health Fund") is an

employee welfare benefit plan as defined in section 3(1) of ERISA, 29 U.S.C. § 1002(1), and

was established and is maintained by employers in an industry or activity affecting commerce

and by an employee organization representing employees in an industry or activity affecting

commerce, within the meaning of section 4(a) of ERISA, 29 U.S.C. § 1003(a).  William Yull is a

duly appointed and authorized Trustee of the Health Fund, a fiduciary within the meaning of

section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and a member of the joint board of

trustees of the Health Fund, which joint board of trustees is the plan sponsor of the Health Fund

within the meaning of section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).

4.      Plaintiff Maryland Electrical Industry Pension Fund ("Pension Fund") is an

employee pension benefit plan as defined in section 3(2) of ERISA, 29 U.S.C. § 1002(2), and

was established and is maintained by employers in an industry or activity affecting commerce

and by an employee organization representing employees in an industry or activity affecting

commerce, within the meaning of section 4(a) of ERISA, 29 U.S.C. § 1003(a).  William Yull is a

duly appointed and authorized Trustee of the Pension Fund, a fiduciary within the meaning of

section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and a member of the joint board of

trustees of the Pension Fund, which joint board of trustees is the plan sponsor of the Pension

Fund within the meaning of section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).

5.      Plaintiff Maryland Electrical Industry Severance and Annuity Fund ("Severance

Fund") is an employee pension benefit plan as defined in section 3(2) of ERISA, 29 U.S.C. §

1002(2), and was established and is maintained by employers in an industry or activity affecting commerce and by an employee organization representing employees in an industry or activity affecting commerce, within the meaning of section 4(a) of ERISA, 29 U.S.C. § 1003(a). William Yull is a duly appointed and authorized Trustee of the Severance Fund, a fiduciary within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and a member of the joint board of trustees of the Severance Fund, which joint board of trustees is the plan sponsor of the Severance Fund within the meaning of section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).

6.      Plaintiff Maryland Electrical Industry Joint Apprenticeship and Training Committee ("Apprentice Fund") is an employee welfare benefit plan as defined in section 3(1) of ERISA, 29 U.S.C. § 1002(1), and was established and is maintained by employers in an industry or activity affecting commerce and by an employee organization representing employees in an industry or activity affecting commerce, within the meaning of section 4(a) of ERISA, 29 U.S.C. § 1003(a).  Neil Wilford is a duly appointed and authorized Trustee of the Apprentice Fund, a fiduciary within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and a member of the joint board of trustees of the Apprentice Fund, which joint board of trustees is the plan sponsor of the Apprentice Fund within the meaning of section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).

7.      Plaintiff National Labor Management Cooperation Committee ("NLMCC") is a management-labor association as defined by the Labor Management Cooperation Act of 1978, as amended, 29 U.S.C. § 175(a), pursuant to section 302(c)(9) of the LMRA, 29 U.S.C. § 186(c)(9). William Yull is the appointed and authorized local agent for collection of the NLMCC.

8.      Plaintiff Maryland Electrical Industry Labor Management Cooperation Committee ("MEILMCC") is a management-labor association as defined by the Labor Management Cooperation Act of 1978, as amended, 29 U.S.C. § 175(a), pursuant to section 302(c)(9) of the LMRA, 29 U.S.C. § 186(c)(9).  William Yull is an appointed and authorized agent for collection of the MEILMCC.

9.      Plaintiff Maryland Chapter, National Electrical Contractors Association, Inc. ("NECA"), is an employer association incorporated under the laws of the State of Maryland.

10.     Plaintiff Local Union No. 307, International Brotherhood of Electrical Workers, AFL-CIO ("Local 307") is an unincorporated labor organization that represents employees in the State of Maryland.  Local 307 is a labor organization, as defined in section 2(5) of the LMRA, 29 U.S.C. § 152(5), that represents employees in an industry affecting commerce within the meaning of sections 2(7) and 301(a) of the LMRA, 29 U.S.C. §§ 152(7), 185(a).  Further, Local 307 is an employee organization, as defined in section 3(4) of ERISA, 29 U.S.C. § 1002(4), and represents employees in an industry or activity affecting commerce as defined in section 3(12) of ERISA, 29 U.S.C. § 1002(12).

11.     Defendant Gradcon, Inc. ("Gradcon") is a corporation organized and existing under the laws of the State of Maryland, which employs persons in the State of Maryland, in the electrical trade.  Defendant Gradcon is an employer, as defined in section 2(2) of the LMRA, 29 U.S.C. § 152(2), whose activities affect commerce within the meaning of section 2(7) of the LMRA, 29 U.S.C. § 152(7).  Further, Defendant Gradcon is an employer as defined by section 3(5) of ERISA, 29 U.S.C. § 1002(5), in an industry or activity affecting commerce within the meaning of section 3(12) of ERISA, 29 U.S.C. § 1002(12).

**Collective Bargaining Agreement**

12.     At all times relevant to this action, Gradcon was signatory and subject to a collective bargaining agreement with Local 307.

13.     The collective bargaining agreement with Local 307 provides for the rates of pay, wages, hours of employment and other conditions of employment for employees of Gradcon covered by said agreement.  The Local 307 collective bargaining agreement specifically provides for the payment by Gradcon to the Health Fund, Pension Fund, Severance Fund, NLMCC and MEILMCC of specified sums for each hour worked by each of the employees of Gradcon covered by said agreement.  The collective bargaining agreement also provides for payment by Gradcon to the Apprentice Fund and NECA of specified percentages of gross wages earned by each of the employees of Gradcon covered by said agreement.  All payments are to be made by the 15th day of the month following the month in which the hours were worked, and such remittances are to be accompanied by a remittance report showing the hours worked by each covered employee, the gross wages for such employees, and the amounts owed to each Fund.

14.     The Local 307 collective bargaining agreement further provides for certain authorized deductions to be made from the wages of the employees of Gradcon.  Specifically, in accordance with the collective bargaining agreement with Local 307, union dues are to be deducted from the wages of the employees of Gradcon and are to be remitted to Local 307. Remittances to Local 307 are to be made by the 15th day of the month following the month in which the hours were worked, and such remittances are to be accompanied by a remittance report showing the hours worked by each covered employee, the gross wages for such employees and the amounts owed for such hours.

**Trust Agreements**

15.     Section 502(g) of ERISA, 29 U.S.C. § 1132(g), requires the Court to award liquidated damages of up to twenty percent (20%) as provided under the terms of an agreement, in addition to the amount of unpaid contributions, interest, reasonable attorneys' fees and costs when judgment is entered in favor of an employee benefit plan for unpaid contributions.  In the absence of a liquidated damages provision in an agreement, section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), authorizes an award equal to the amount of interest, which is in addition to all other amounts awarded.  ERISA further provides that interest shall be determined by using the rate specified in the agreement, or if none is so specified, at the rate prescribed in section 6621 of the Internal Revenue Code.

16.     At all times relevant to this action, the Agreements and Declarations of Trust creating and governing the Health Fund, Pension Fund and Severance Fund provide for the payment of liquidated damages in the amount of eighteen percent (18%) of the delinquent contributions.

17.     The payment of liquidated damages to the Apprentice Fund is governed by section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), which requires an award equal to the amount of interest.

18.     The Agreement and Declaration of Trust creating and governing the NLMCC provides for the payment of liquidated damages in the amount of twenty dollars ($20.00) or fifteen percent (15%) of the delinquent contributions, whichever is greater.

19.     The Agreement and Declaration of Trust creating and governing the MEILMCC provides for the payment of liquidated damages in the amount of ten dollars ($10.00) or ten percent (10%) of the delinquent contributions, whichever is greater.

20.    At all times relevant to this action, the Agreements and Declarations of Trust creating and governing the Health Fund, Pension Fund and Severance Fund provide that the rate of interest shall be eighteen percent (18%) per annum.

21.    The payment of interest to the Apprentice Fund is governed by section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), and section 6621 of the Internal Revenue Code.

22.    The Agreements and Declarations of Trust creating and governing NECA and NLMCC provide for interest to be calculated at the rate of ten percent (10%) per year on delinquent contributions.

23.    The Agreement and Declaration of Trust creating and governing the MEILMCC provides for interest to be calculated at the legal rate of interest in the State of Maryland on delinquent contributions.

24.    The Agreements and Declarations of Trust creating and governing the Funds provide that a contributing employer shall permit an audit of its payroll and business records, whenever requested by the Funds, at any reasonable time during the business hours of the employer.

25.    The Agreements and Declarations of Trust creating and governing the Funds state that in the event an employer fails to submit a remittance report showing the number of hours worked by employees during a month, the Funds are permitted to estimate the amount of the contributions due by calculating the average of the monthly contributions paid by the employer for the last three months for which such contributions were paid.

**Count One**
**Claim of Health Fund Against Gradcon**

26.    Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-25.

27.     Gradcon has failed and refused to make required employee fringe benefit contributions due and owing to the Health Fund for hours worked by employees of Gradcon for November and December, 2020, and January, 2021, and failed to pay employee fringe benefit contributions for the months of February, May, June, September, October and December, 2016, January, March and part of April, 2017, part of January, 2018, May, June and December, 2019, and January through October, 2020, in a timely manner.

28.     Based on the remittance reports filed by Gradcon for the months of November and December, 2020, and January, 2021, Gradcon owes to the Health Fund delinquent employee fringe benefit contributions in the amount of $7,283.25 for hours worked by employees of Gradcon for November and December, 2020, and January, 2021.

29.     Gradcon has not paid the employee fringe benefit contributions due and owing to the Health Fund for November and December, 2020, and January, 2021, and owes liquidated damages in the amount of $1,310.99 on said contributions.  Gradcon failed to pay the employee fringe benefit contributions due and owing for the months of February, May, June, September, October and December, 2016, January, March and part of April 2017, part of January, 2018, May, June and December, 2019, and January through October, 2020, in a timely manner, and owes liquidated damages in the amount of $7,356.12 on said contributions.

30.     Gradcon has not paid the employee fringe benefit contributions due and owing to the Health Fund for November and December, 2020, and January, 2021, and owes interest in an amount to be determined on said contributions.

31.     Gradcon has not paid the employee fringe benefit contributions due and owing to the Health Fund for the months of May, June and December, 2019, January through October, 2020, in a timely manner, and owes interest in the amount of $695.62 on said contributions.

32.     Based on the failure of Gradcon to pay employee fringe benefit contributions for the prior months, the Health Fund believes that Gradcon will continue to fail to pay employee fringe benefit contributions for future months.

WHEREFORE, Plaintiff Health Fund prays:

a.      That this Court order Gradcon to make all of its payroll and business records available to Plaintiff Health Fund's auditors to determine the exact amount owed for the months of November and December, 2020, and January, 2021, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

b.      That judgment be entered against Gradcon in the amount of $7,283.25 for contributions due and owing for November and December, 2020, and January, 2021, together with interest at the appropriate rate, from the date the delinquent contributions were due and owing until paid or until the date of judgment, whichever is sooner;

c.      That judgment be entered against Gradcon in the amount of $8,667.11 for liquidated damages due on the delinquent and late-paid contributions owed for the months of February, May, June, September, October and December, 2016, January, March and part of April, 2017, part of January, 2018, May, June and December, 2019, January through December, 2020, and January, 2021;

d.      That judgement be entered against Gradcon in the amount of $695.62 for interest due on the late-paid contributions owed for the months of May, June and December, 2019, and January through October, 2020;

e.      That judgment be entered against Gradcon in the amount of all unpaid contributions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the rate of eighteen percent (18%) per annum, from the date

such contributions are due and owing until the date of judgment, and liquidated damages in the amount of eighteen percent (18%) on such contributions;

      f.      That Plaintiff Health Fund be afforded post-judgment interest, reasonable attorneys' fees and its costs;

      g.      And, further, that such other relief be granted as this Court deems just and proper.

**Count Two**
**Claim of Pension Fund Against Gradcon**

33.      Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-32.

34.      Gradcon has failed and refused to make required employee fringe benefit contributions due and owing to the Pension Fund for hours worked by employees of Gradcon for November and December, 2020, and January, 2021, and failed to pay employee fringe benefit contributions for the months of February, May, June, September, October and December, 2016, January, March and April, 2017, January, 2018, May, June and December, 2019, and January through October, 2020, in a timely manner.

35.      Based on the remittance reports filed by Gradcon for the months of November and December, 2020, and January, 2021, Gradcon owes to the Pension Fund delinquent employee fringe benefit contributions in the amount of $4,128.00 for hours worked by employees of Gradcon for November and December, 2020, and January, 2021.

36.      Gradcon has not paid the employee fringe benefit contributions due and owing to the Pension Fund for November and December, 2020, and January, 2021, and owes liquidated damages in the amount of $743.04 on said contributions.  Gradcon failed to pay the employee fringe benefit contributions due and owing for February, May, June, September, October and December, 2016, January, March and April, 2017, January, 2018, May, June and December,

2019, and January through October, 2020, in a timely manner, and owes liquidated damages in the amount of $4,306.53 on said contributions.

37.     Gradcon has not paid the employee fringe benefit contributions due and owing to the Pension Fund for November and December, 2020, and January, 2021, and owes interest in an amount to be determined on said contributions.

38.     Gradcon has not paid the employee fringe benefit contributions due and owing to the Pension Fund for the months of May, June and December, 2019, January through October, 2020, in a timely manner, and owes interest in the amount of $406.06 on said contributions.

39.     Based on the failure of Gradcon to pay employee fringe benefit contributions for the prior months, the Pension Fund believes that Gradcon will continue to fail to pay employee fringe benefit contributions for future months.

WHEREFORE, Plaintiff Pension Fund prays:

a.     That this Court order Gradcon to make all of its payroll and business records available to Plaintiff Pension Fund's auditors to determine the exact amount owed for the months of November and December, 2020, and January, 2021, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

b.     That judgment be entered against Gradcon in the amount of $4,128.00 for contributions due and owing for November and December, 2020, and January, 2021, together with interest at the appropriate rate, from the date the delinquent contributions were due and owing until paid or until the date of judgment, whichever is sooner;

c.     That judgment be entered against Gradcon in the amount of $5,049.57 for liquidated damages due on the delinquent and late-paid contributions owed for the months of February, May, June, September, October and December, 2016, January, March and April, 2017,

January, 2018, May, June and December, 2019, January through December, 2020, and January, 2021;

  d.  That judgement be entered against Gradcon in the amount of $406.06 for interest due on the late-paid contributions owed for the months of May, June and December, 2019, and January through October, 2020;

  e.  That judgment be entered against Gradcon in the amount of all unpaid contributions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the rate of eighteen percent (18%) per annum, from the date such contributions are due and owing until the date of judgment, and liquidated damages in the amount of eighteen percent (18%) on such contributions;

  f.  That Plaintiff Pension Fund be afforded post-judgment interest, reasonable attorneys' fees and its costs;

  g.  And, further, that such other relief be granted as this Court deems just and proper.

## Count Three
## Claim of Severance Fund Against Gradcon

  40.  Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-39.

  41.  Gradcon has failed and refused to make required employee fringe benefit contributions due and owing to the Severance Fund for hours worked by employees of Gradcon for November and December, 2020, and January, 2021, and failed to pay employee fringe benefit contributions for the months of February, May, June, September, October and December, 2016, January, March and April, 2017, January, 2018, May, June and December, 2019, and January through October, 2020, in a timely manner.

42.     Based on the remittance reports filed by Gradcon for the months of November and December, 2020, and January, 2021, Gradcon owes to the Severance Fund delinquent employee fringe benefit contributions in the amount of $1,640.60 for hours worked by employees of Gradcon for November and December, 2020, and January, 2021.

43.     Gradcon has not paid the employee fringe benefit contributions due and owing to the Severance Fund for November and December, 2020, and January, 2021, and owes liquidated damages in the amount of $295.31 on said contributions.  Gradcon failed to pay the employee fringe benefit contributions due and owing for the months of February, May, June, September, October and December, 2016, January, March and April, 2017, January, 2018, May, June and December, 2019, and January through October, 2020, in a timely manner, and owes liquidated damages in the amount of $1,704.60 on said contributions.

44.     Gradcon has not paid the employee fringe benefit contributions due and owing to the Severance Fund for November and December, 2020, and January, 2021, and owes interest in an amount to be determined on said contributions.

45.     Gradcon has not paid the employee fringe benefit contributions due and owing to the Severance Fund for the months of May, June and December, 2019, January through October, 2020, in a timely manner, and owes interest in the amount of $158.07 on said contributions.

46.     Based on the failure of Gradcon to pay employee fringe benefit contributions for the prior months, the Severance Fund believes that Gradcon will continue to fail to pay employee fringe benefit contributions for future months.

WHEREFORE, Plaintiff Severance Fund prays:

a.     That this Court order Gradcon to make all of its payroll and business records available to Plaintiff Severance Fund's auditors to determine the exact amount owed for the

months of November and December, 2020, and January, 2021, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

      b.     That judgment be entered against Gradcon in the amount of $1,640.60 for contributions due and owing for November and December, 2020, and January, 2021, together with interest at the appropriate rate, from the date the delinquent contributions were due and owing until paid or until the date of judgment, whichever is sooner;

      c.     That judgment be entered against Gradcon in the amount of $1,999.91 for liquidated damages due on the delinquent and late-paid contributions owed for the months of February, May, June, September, October and December, 2016, January, March and April, 2017, January, 2018, May, June and December, 2019, January through December, 2020, and January, 2021;

      d.     That judgement be entered against Gradcon in the amount of $158.07 for interest due on the late-paid contributions owed for the months of May, June and December, 2019, and January through October, 2020;

      e.     That judgment be entered against Gradcon in the amount of all unpaid contributions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the rate of eighteen percent (18%) per annum, from the date such contributions are due and owing until the date of judgment, and liquidated damages in the amount of eighteen percent (18%) on such contributions;

      f.     That Plaintiff Severance Fund be afforded post-judgment interest, reasonable attorneys' fees and its costs;

      g.     And, further, that such other relief be granted as this Court deems just and proper.

## Count Four
## Claim of Apprentice Fund Against Gradcon

47.     Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-46.

48.     Gradcon has failed and refused to make required employee fringe benefit contributions due and owing to the Apprentice Fund for hours worked by employees of Gradcon for November and December, 2020, and January, 2021.

49.     Based on the remittance reports filed by Gradcon for the months of November and December, 2020, and January, 2021, Gradcon owes to the Apprentice Fund delinquent employee fringe benefit contributions in the amount of $676.65 for hours worked by employees of Gradcon for November and December, 2020, and January, 2021.

50.     Gradcon has not paid the employee fringe benefit contributions due and owing to the Apprentice Fund for November and December, 2020, and January, 2021, and owes liquidated damages in an amount to be determined on said contributions, equal to the amount of interest awarded.

51.     Gradcon has not paid the employee fringe benefit contributions due and owing to the Apprentice Fund for November and December, 2020, and January, 2021, and owes interest in an amount to be determined on said contributions.

52.     Based on the failure of Gradcon to pay employee fringe benefit contributions for the prior months, the Apprentice Fund believes that Gradcon will continue to fail to pay employee fringe benefit contributions for future months.

WHEREFORE, Plaintiff Apprentice Fund prays:

a.     That this Court order Gradcon to make all of its payroll and business records available to Plaintiff Apprentice Fund's auditors to determine the exact amounts owed for the

months of November and December, 2020, and January, 2021, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

b. That judgment be entered against Gradcon in the amount of $676.65 for contributions due and owing for November and December, 2020, and January, 2021, together with interest on the delinquent contributions at the rate prescribed under section 6621 of the Internal Revenue Code, from the date the delinquent contributions were due and owing until paid or until the date of judgment, whichever is sooner;

c. That judgment be entered against Gradcon in an amount to be determined for liquidated damages due on the delinquent contributions owed for November and December, 2020, and January, 2021;

d. That judgment be entered against Gradcon in the amount of all unpaid contributions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the rate prescribed under section 6621 of the Internal Revenue Code, from the date such contributions are due and owing until the date of judgment, and liquidated damages in the same amount as provided by section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

e. That Plaintiff Apprentice Fund be afforded post-judgment interest, reasonable attorneys' fees and its costs;

f. And, further, that such other relief be granted as this Court deems just and proper.

<u>**Count Five**</u>
<u>**Claim of NLMCC Against Gradcon**</u>

53. Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-52.

54.     Gradcon has failed and refused to make required employee fringe benefit contributions due and owing to the NLMCC for hours worked by employees of Gradcon for November and December, 2020, and January, 2021.

55.     Based on the remittance reports filed by Gradcon for the months of November and December, 2020, and January, 2021, Gradcon owes to the NLMCC delinquent employee benefit contributions in the amount of $9.60 for hours worked by employees of Gradcon for November and December, 2020, and January, 2021.

56.     Gradcon has not paid the employee fringe benefit contributions due and owing to the NLMCC for November and December, 2020, and January, 2021, and owes liquidated damages in the amount of $60.00 on said contributions.

57.     Gradcon has not paid the employee fringe benefit contributions due and owing to the NLMCC for November and December, 2020, and January, 2021, and owes interest in an amount to be determined on said contributions.

58.     Based on the failure of Gradcon to pay employee fringe benefit contributions for the prior months, the NLMCC believes that Gradcon will continue to fail to pay employee fringe benefit contributions for future months.

WHEREFORE, Plaintiff NLMCC prays:

a.     That this Court order Gradcon to make all of its payroll and business records available to Plaintiff NLMCC's auditors to determine the exact amount owed for the months of November and December, 2020, and January, 2021, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

b.     That judgment be entered against Gradcon in the amount of $9.60 for contributions due and owing for November and December, 2020, and January, 2021, together

18

with interest on the delinquent contributions at the rate of ten percent (10%) per year, from the date the delinquent contributions were due and owing until paid or until the date of judgment, whichever is sooner;

   c.  That judgment be entered against Gradcon in the amount of $60.00 for liquidated damages due on the delinquent contributions owed for the months of November and December, 2020, and January, 2021.

   c.  That judgment be entered against Gradcon in the amount of all unpaid contributions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the rate of ten percent (10%) per year, from the date such contributions are due and owing until the date of judgment, and liquidated damages in the amount of twenty dollars ($20.00) or fifteen percent (15%) of such delinquent contributions, whichever is greater;

   d.  That Plaintiff NLMCC be afforded post-judgment interest, reasonable attorneys' fees and its costs;

   e.  And, further, that such other relief be granted as this Court deems just and proper.

### Count Six
### Claim of MEILMCC Against Gradcon

   59.  Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-58.

   60.  Gradcon has failed and refused to make required employee fringe benefit contributions due and owing to the MEILMCC for hours worked by employees of Gradcon for November and December, 2020, and January, 2021.

   61.  Based on the remittance reports filed by Gradcon for the months of November and December, 2020, and January, 2021, Gradcon owes to the MEILMCC delinquent employee

fringe benefit contributions in the amount of $86.40 for hours worked by employees of Gradcon for November and December, 2020, and January, 2021.

62.     Gradcon has not paid the employee fringe benefit contributions due and owing to the MEILMCC for November and December, 2020, and January, 2021, and owes liquidated damages in the amount of $30.00 on said contributions.

63.     Gradcon has not paid the employee fringe benefit contributions due and owing to the MEILMCC for November and December, 2020, and January, 2021, and owes interest in an amount to be determined on said contributions.

64.     Based on the failure of Gradcon to pay employee fringe benefit contributions for the prior months, the MEILMCC believes that Gradcon will continue to fail to pay employee fringe benefit contributions for future months.

WHEREFORE, Plaintiff MEILMCC prays:

a.     That this Court order Gradcon to make all of its payroll and business records available to Plaintiff MEILMCC's auditors to determine the exact amount owed for the months of November and December, 2020, and January, 2021, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

b.     That judgment be entered against Gradcon in the amount of $86.40 for contributions due and owing for November and December, 2020, and January, 2021, together with interest at the legal rate in the State of Maryland, from the date the delinquent contributions were due and owing until paid or until the date of judgment, whichever is sooner;

c.     That judgment be entered against Gradcon in the amount of $30.00 for liquidated damages due on the delinquent contributions owed for the months of November and December, 2020, and January, 2021.

      d.       That judgment be entered against Gradcon in the amount of all unpaid contributions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the legal rate in the State of Maryland, from the date such contributions are due and owing until the date of judgment, and liquidated damages in the amount of ten dollars ($10.00) or ten percent (10%) of such delinquent contributions, whichever is greater;

      e.       That Plaintiff MEILMCC be afforded post-judgment interest, reasonable attorneys' fees and its costs;

      f.       And, further, that such other relief be granted as this Court deems just and proper.

### Count Seven
### Claim of NECA Against Gradcon

65.      Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-64.

66.      Gradcon has failed and refused to make required employee fringe benefit contributions due and owing to NECA for hours worked by employees of Gradcon for November and December, 2020, and January, 2021.

67.      Based on the remittance reports filed by Gradcon, for the months of November and December, 2020, and January, 2021, Gradcon owes to NECA delinquent employee fringe benefit contributions in the amount of $96.00 for November and December, 2020, and January, 2021.

68.      Gradcon has not paid the employee fringe benefit contributions due and owing to NECA for November and December, 2020, and January, 2021, and owes interest in an amount to be determined on said contributions.

69.     Based on the failure of Gradcon to pay employee fringe benefit contributions for the prior months, NECA believes that Gradcon will continue to fail to pay employee fringe benefit contributions for future months.

WHEREFORE, Plaintiff NECA prays:

a.      That this Court order Gradcon to make all of its payroll and business records available to Plaintiff NECA's auditors to determine the exact amount owed for November and December, 2020, and January, 2021, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

b.      That judgment be entered against Gradcon in the amount of $96.00 for contributions due and owing for November and December, 2020, and January, 2021, together with interest on the delinquent contributions at the rate of six percent (6%) per year, from the date the delinquent contributions were due and owing until paid or until the date of judgment, whichever is sooner;

c.      That judgment be entered against Gradcon in the amount of all unpaid contributions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the rate of six percent (6%) per year;

d.      That Plaintiff NECA be afforded post-judgment interest, reasonable attorneys' fees and its costs;

e.      And, further, that such other relief be granted as this Court deems just and proper.

## Count Eight
## Claim of Local 307 Against Gradcon

70.     Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-69.

71.     Gradcon has failed and refused to remit to Local 307 the union dues deducted from its employees' paychecks for November and December, 2020, and January, 2021.

72.     Based on the remittance reports filed by Gradcon for the months of November and December, 2020, and January, 2021, Gradcon owes to Local 307 unremitted union dues in the amount of $902.20 for November and December, 2020, and January, 2021.

73.     Gradcon has not paid the remittances due and owing to Local 307 for November and December, 2020, and January, 2021, and owes interest in an amount to be determined on said remittances.

74.     Based on the failure of Gradcon to remit dues deductions for prior months, Local 307 believes that Gradcon will continue to fail to pay remittances deductions for future months.

WHEREFORE, Plaintiff Local 307 prays:

a.     That this Court order Gradcon to make all of its payroll and business records available to Plaintiff Local 307's auditors to determine the exact amount owed for the months of November and December, 2020, and January, 2021, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

b.     That judgment be entered against Gradcon in the amount of $902.20 for remittances due and owing for November and December, 2020, and January, 2021, together with interest at the legal rate in the State of Maryland from the date the delinquent contributions were due and owing until paid or until the date of judgment, whichever is sooner;

c.     That judgment be entered against Gradcon in the amount of all unpaid remittances that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the legal rate in the State of Maryland from the date such contributions were due to the date of judgment;

      d.      That Plaintiff Local 307 be afforded post-judgment interest, reasonable attorneys'

fees and its costs;

      e.      And, further, that such other relief be granted as this Court deems just and proper.


April 7, 2021 _____         /s/ Corey Smith Bott _____
Date         Corey Smith Bott
       Bar No. 25673

       /s/ Shauna Barnaskas _____
       Shauna Barnaskas
       Bar No. 16755
       Abato, Rubenstein and Abato, P.A.
       809 Gleneagles Court, Suite 320
       Baltimore, Maryland 21286
       (410) 321-0990
       Attorneys for Plaintiffs